883 A.2d 1049

IN THE MATTER OF JOHN H. MCKEON, JR., AN ATTORNEY
AT LAW (ATTORNEY NO. 033211981).

October 20, 2005.

ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 05–208, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **JOHN H. McKEON, JR.,** of **MOORESTOWN,** who was admitted to the bar of this State in 1981, should be suspended from the practice of law for a period of three months based on his guilty plea to third-degree possession of cocaine, conduct in violation of *RPC* 8.4(b) (commission of a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer);

And the Disciplinary Review Board having further concluded that respondent should be required to submit to random drug testing for a period of one year following his reinstatement to practice;

And good cause appearing;

It is ORDERED that **JOHN H. McKEON, JR.**, is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that on reinstatement to practice, respondent shall submit to random drug testing for a period of one year and until the further Order of the Court, on a schedule to be determined by the Office of Attorney Ethics; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.